IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
(GREENBELT DIVISION)

In re:

|  |  |
|---|---|
| **MATCHBOX FOOD GROUP, LLC** | Case No. 20-17250 |
| | Chapter 11 |
| **Debtor.** | Application for Joint |
| | Administration Pending[1] |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**EMERGENCY MOTION FOR ENTRY OF INTERIM ORDER (I) AUTHORIZING THE
USE OF EAGLEBANK'S CASH COLLATERAL, (II) GRANTING ADEQUATE
ROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND
(III) SCHEDULING A FINAL HEARING**

Matchbox Restaurant Group, LLC,  Matchbox Rockville, LLC, Matchbox Capitol Hill,

LLC, Gene Pool, LLC, Fist MB Star, LLC Caribou Hunter, LLC, Buttermilk, LLC, Blue Eagle,

LLC, Matchbox 14th Street, LLC and Hammer and a Cocktail, LLC (collectively the "Debtors"),

by and through its undersigned counsel, hereby moves the Court for entry of an interim order (I)

Authorizing the Use of EagleBank's Cash Collateral, (II) Granting Adequate Protection Pursuant

to 11 U.S.C. §§ 361 and 363 and (III) Scheduling a Final Hearing (the "Motion") and, in support

thereof, states as follows:

**Jurisdiction**

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334.  Venue of this cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409.

---

[1] In the interests of judicial economy this motion is being filed only in the above captioned case for the above captioned Debtors <u>and</u> for the affiliated Debtors' Chapter 11 cases pending in this Court: Matchbox Rockville, LLC Case No. 20-17247, Matchbox Capitol Hill, LLC Case No. 20-17252, Gene Pool, LLC Case No. 20-17266; Fist MB Star, LLC Case No. 20-17254; Caribou Hunter, LLC Case No. 20-17255, Buttermilk, LLC Case No. 20-17255, Blue Eagle, LLC Case No. 20-17262; Matchbox 14th Street, LLC Case No. 20-17263 and Hammer and a Cocktail, LLC Case No. 20-17260. The relief requested herein is sought on behalf of all said Debtors.

2.      This is a core proceeding under 28 U.S.C. § 157.

**The Chapter 11 Case**

3.      On August 3, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code.  The Debtors intend to continue in possession of their properties and the management of their businesses as Debtors-in-Possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.      The Debtors are organized under the laws of the various jurisdictions that include, the District of Columbia, Delaware, Virginia, Florida and Texas.

5.      Blue Eagle, LLC, Buttermilk, LLC, Caribou Hunter, LLC, Fist MB Star, LLC, Gene Pool, LLC, Matchbox Capitol Hill, LLC and Matchbox Rockville, LLC (collectively the "Matchbox Restaurants"), each operate a separate restaurant at various locations in the Washington D.C. metropolitan area, Florida and Texas.

6.      Matchbox Food Group, LLC owns a controlling interest in each of the Matchbox Restaurants and manages the finances of the Matchbox Restaurants.

7.      The income generated by the Matchbox Restaurants is ultimately deposited to the accounts of Matchbox Food Group, LLC and Matchbox Food Group, LLC, in turn, pays the expenses of the Matchbox Restaurants.

8.      Due to the interruption in business caused by the COVID-19 global pandemic, and the resulting financial impact upon operations, the Debtors have filed for Chapter 11 bankruptcy in order to reorganize their affairs.

9.      This case was filed so that the Debtors can sell their assets or reorganize their affairs while treating all creditors equally. Shortly after the filing of this case, the Debtors

anticipates filing a Motion to sell substantially all of its assets to Thompson Hospitality Corporation.

### Secured Debt

10.     As of the Petition Date, the Debtors were indebted to EagleBank (the "Lender"), pursuant to various loan documents, including a promissory note executed on or about July 12, 2018 in the original principal amount of $11,849,625.46; (the "Note").  As of the Petition Date, the aggregate balance due and owing on the Note was approximately $8,931,699.07 (the "Alleged Prepetition Indebtedness").  A copy of the last extension of the Note is attached hereto as **Exhibit A**.

11.     To secure the Prepetition Indebtedness, the Debtors granted pursuant to Pledge and Security Agreement (the "Security Agreement") the Lender a security interest in and lien upon (the "Prepetition Lien"), among other things:

> a.   all personal property now owned or hereafter acquired by the Debtors including but not limited to all goods, consumer goods, farm products, inventory, equipment, furniture, money, instruments, accounts, accounts receivable, contract rights, documents, chattel paper and general intangibles, all of which collectively is the Collateral

> b.   All products of Collateral and all additions and accessions to, replacements of, insurance or condemnation proceeds of, and documents covering Collateral, all property received wholly or partly in trade or exchange for Collateral, all leases of Collateral and all rents. Revenues, issues, profits, and proceeds arising from the sale, lease, encumbrance, collection, or any other temporary or permanent disposition of the Collateral or any interest therein.

> c.   All Inventory, Chattel Paper. Accounts, Equipment and General Intangibles

All of the foregoing, (collectively the "Prepetition Collateral").  A copy of the last extension of the Security Agreement executed on or about July 12, 2018 is attached hereto as **Exhibit B**.

12.     UCC-1 Financing Statements to perfect said security interests have been duly recorded by Lender in Washington, D.C., Maryland, Delaware, Florida and Texas, which remain effective as of the Petition Date against the Debtors.

3

13.     The Lender asserts that the Prepetition Liens in and to the Prepetition Collateral constitute valid, binding, enforceable, and perfected first priority liens in and to the Prepetition Collateral.

14.     Historically, the Debtors have granted security interest in the same or similar collateral to:

    a.  Egg Cream, LLC

    b.  Potomac Investment Trust

    c.  1760 Reston Manager, LLC

    d.  Sysco North Texas

    e.  First Fidelity Leasing Corporation of America

    f.  Matchbox Management, LLC

    g.  Chesapeake Business Finance Corp./U.S. Small Business Administration

Upon information and belief, all such security interests granted by the Debtors are either subordinate to Lender or have lapsed.  Debtors further aver that none of the foregoing entities are asserting any interest in the Debtors use of cash that is part of the Prepetition Collateral that is the subject of this Motion, but are being providing notice of this Motion out of an abundance of caution.

**Relief Requested**

15.     During this case, the Debtors require the use of Cash Collateral to meet their ordinary and necessary expenses, including, but not limited to, payroll and the payment of the day to day expenses of Debtors.  The Debtors' accounts and right to receive payments are property of the Debtors' estates pursuant to Section 541 of the Bankruptcy Code and constitute

4

cash collateral within the meaning of Section 363 of the Bankruptcy Code and may be used by the Debtors only with the consent of the Lender or upon an order of the Bankruptcy Court.

16.     Rule 4001 of the Federal Rules of Bankruptcy Procedure provides that the Court may commence a final hearing on a motion for authorization to use cash collateral no earlier than fourteen (14) days after the service of the motion. Rule 4001 further provides that, upon request, the Court may conduct a preliminary hearing before such fourteen day period expires to authorize the use of cash collateral as is necessary to avoid immediate and irreparable harm to the estate prior to a final hearing.

17.     In order for the Debtors to operate their businesses, meet their obligations and preserve their property and in order to avoid irreparable harm to the bankruptcy estates, it is necessary for the Debtors to use its accounts in which the Lender asserts a security interest to pay its ordinary and necessary expenses. A 14 day budget is attached hereto, along with a 60 day budget as **Exhibit C.**

18.     The Bankruptcy Code requires "adequate protection" of the Lender's security interest in the Debtors' cash collateral. Adequate protection is afforded where operations continue at a break-even level or generate a profit and there is a strong likelihood of reorganization. *See, e.g., In re Xinde Int'l*, 13 B.R. 212 (Bankr. D. Mass. 1981); *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 376 (Bankr. E.D. Pa. 1987). The Debtors intend to continue to service their obligations to Lender from available cash on hand approximating $1,500,000,00 and to ultimately satisfy said obligations to the Lender through a sale of substantially all of its assets.

19.   The Debtors seek an Order that, *inter alia*:

a.       Allows the Debtors to use accounts in which the Lender asserts a security interest to pay those obligations set forth in the budget for a period of approximately fourteen (14) days;

b.       Grants Lender, pursuant to Sections 361 and 363(c)(2) of the Bankruptcy Code, adequate protection, retroactive to the Petition Date, of its interest in the Prepetition Collateral, including the cash collateral in an amount equal to the aggregate diminution in value, if any, of such interests from and after the Petition Date;

c.       Grants Lender a replacement lien on the same assets and in the same priority of its Prepetition Liens;

d.       Requires the Debtors to provide monthly operating reports required by the Office of the United States Trustee, as well as such other periodic financial information that Lender may reasonably request of the Debtors (in addition to, and not in replacement of, those reporting obligations that the Debtors may have under the Prepetition Loan Documents).

**WHEREFORE**, the Debtors respectfully request entry of an Order substantially similar to the attached proposed order:

a.       Authorizing the Debtors to use accounts in which Lender asserts a security interest to pay those obligations as set forth in the budget (which will supplement this Motion) for a period of approximately fourteen (14) days;

b.       Granting Lender, pursuant to Sections 361 and 363(c)(2) of the Bankruptcy Code, adequate protection, retroactive to the Petition Date, of its interest in the Prepetition Collateral, including the cash collateral in an amount equal to the aggregate diminution in value, if any, of such interests from and after the Petition Date;

c.       Granting Lender a replacement lien on the same assets and in the same priority of its Prepetition Liens;

d.      Requiring the Debtors to provide monthly operating reports required by the Office

of the United States Trustee, as well as such other periodic financial information that Lender may

reasonably request of the Debtors (in addition to, and not in replacement of, those reporting

obligations that the Debtors may have under the Prepetition Loan Documents); and

e.      Granting such other and further relief as is just and equitable.

Respectfully submitted,

MCNAMEE, HOSEA, JERNIGAN, KIM
GREENAN & LYNCH, P.A.

**/s/ Janet M. Nesse**
Janet M. Nesse (Fed. Bar No. 07804)
6411 Ivy Lane, Suite 200
Greenbelt, Maryland  20770
Telephone:  (301) 441-2420
Facsimile: (301) 982-9450
jnesse@mhlawyers.com

*Proposed Attorneys for Debtors*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of August, 2020, a true and correct copy of
the foregoing Motion for Entry of an Order Authorizing the Use of Cash Collateral, Granting
Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and Scheduling a Final Hearing
Pursuant to Bankruptcy Rule 4001(b) was furnished by first class mail, postage prepaid, or via
electronic transmission to:

Office of the United States Trustee
6305 Ivy Lane, Ste. 600
Greenbelt, MD  20770
USTPRegion04.GB.ECF@USDOJ.GOV
Lynn.kohen@usdoj.gov

Supplemental Certificate of Service to follow.

/s/ Janet M. Nesse
Janet M. Nesse

7